# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00001-JAD-CWH |
| Plaintiff, | |
| v. | **ORDER**<br>(ECF No. 239) |
| BRUNO MACEDO CORREIA, et al., | |
| Defendants. | |

Before the court is defendant Bruno Correia's Motion for Severance under Fed. R. Crim. P. 14(a) (ECF No. 239), filed January 17, 2018, the government's response (ECF No. 310), filed May 29, 2018, and Correia's reply (ECF No. 319), filed June 4, 2018.

## I. BACKGROUND

Numerous Brazilian nationals are alleged to have conspired to commit credit card fraud throughout the United States. The group's fraud activities took place over several years and were conducted by shifting assortments of members of the group. On January 3, 2017, a grand jury returned an indictment charging defendant Bruno Macedo Correia with the following crimes: Count 1 – Conspiracy to Commit Fraud and Related Activity in Connection with Access Devices (18 U.S.C. § 1029(b)(2)); and Count 29 – Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)).

Because he believes that a joint trial will violate his Sixth Amendment right to confront witnesses against him and his right to due process, Correia moves to sever his trial from other co-defendants. Additionally, he argues that at a joint trial, one of more co-defendants will present a mutually exclusive and antagonistic defense to his defense. Finally, he argues severance is required to promote judicial economy. Correia notes that he is unable to provide succinct arguments for severance at this time because he is still reviewing discovery. The government

responds that Correia has not precisely identified any basis for severance, that substantially all of the discovery has been provided, and that judicial economy favors a single joint trial. Correia replies that he cannot provide more specific information because he believes he is missing substantial discovery, and moves the court to stay the motion so that he can supplement his motion after the government produces the items requested in his motion to compel.

## II. DISCUSSION

Federal Rule of Criminal Procedure 8 allows the joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 8 is construed broadly in favor of initial joinder. *United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir. 1994). "Generally, defendants who are indicted together in federal court should be jointly tried." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991). "Joinder is favored in federal criminal cases largely for reasons of judicial economy and efficiency, despite some degree of bias inherent in joint trials." *Id.*

Rule 14 provides relief from joinder of defendants under Rule 8(b) through severance. Fed. R. Crim. P. 14(a). To warrant severance, the defendant bears the heavy burden of demonstrating that "a joint trial is so manifestly prejudicial that the trial judge is required to exercise his or her discretion in only one way—by severing the trial." *United States v. Castro*, 887 F.2d 988, 996 (9th Cir. 1989). "A defendant must show clear, manifest or undue prejudice and violation of a substantive right resulting from the failure to sever." *Id.* "The test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981) (*citing United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)). Further, "[j]oinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence." *United States v. Golb*, 69 F.3d 1417, 1425 (9th Cir. 1995). The moving party must show violation of one of his substantive rights by reason of joint trial in such a magnitude that he would be denied a fair trial. *United States v. Douglass*, 780 F.2d 1472, 1478 (9th Cir. 1986).

### A. Use of Co-defendants' Statements

Correia anticipates that the government will use co-defendants' statements to implicate him because he has not located any relevant evidence in the discovery that is probative of his direct connection with any of the overt acts or any criminal activity identified in the indictment. He believes that one or more of the co-defendants will testify for the government. The government responds that it recognizes its obligations under the *Bruton v. United States*, 391 U.S. 123, 126 (1969), line of cases. Further, the government notes that there is no basis for severance if a co-defendant testifies against Correia because he will have the opportunity to cross-examine that witness.

In *Bruton*, the Supreme Court held that the Confrontation Clause of the Sixth Amendment forbids the admission of a non-testifying co-defendant's confession in a joint trial, even where the jury has been given a limiting instruction. *See id.*, at 137. There is no *Bruton* violation, however, where the co-defendant testifies and so is subject to cross-examination at trial. *United States v. Haili*, 443 F.2d 1295, 1300 (9th Cir. 1971). Here, despite receiving substantial discovery, Correia has not identified a particular co-defendant statement which he believes may be used against him at trial.[1] Mere speculation that some unidentified statement might create a *Bruton* problem in the future does not meet the burden of overcoming the strong presumption in favor of joinder. *See, e.g., United States v. Rogers*, 2011 WL 2516153, at *1 (D. Ariz. 2011). Severance is denied on this basis.

### B. "Spill Over" Prejudice

Correia claims that he will be prejudiced by joinder because the jury will consider the vast information and numerous witnesses and then presume that a similar amount of evidence must exist against him, which will result in "spill over" prejudice. The government responds that

---

[1] In his reply, Correia mentions a desire to stay decision on this motion because he has not received the identities of four confidential sources, or statements of several unindicted co-conspirators. Of course, he would have the opportunity to cross-examine these individuals if they were called as witnesses. He also indicates that he has not received the unredacted statements of co-defendants Carlos Braga and Henrique Real. Correia does not indicate how such statements might be used against him. For these reasons, the Court is not persuaded that the requested stay to supplement this motion is necessary.

Correia only complains broadly about volumes of evidence, but does not identify any specific prejudice resulting from a combined trial. Moreover, it argues that, particularly in a conspiracy case, a defendant cannot complain of spillover since the defendant's co-conspirators' conduct is admissible evidence against the defendant.

It is possible that the evidence is stronger against Correia's co-defendants than it is against him. However, that fact, standing alone, is not sufficient to justify severance. *See United States v. Marcello*, 731 F.2d 1354, 1360, (9th Cir. 1984) ("The fact that there may be more incriminating evidence against one defendant than there is against another, is insufficient to justify a separate trial for the latter."). Rather, the focus is on "whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in the light of its volume and limited admissibility." *United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir. 1983). "The prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge." *United States v. Hernandez*, 952 F.2d 1110, 1116 (9th Cir. 1991) (*quoting United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980)). "A defendant seeking severance based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." *United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir. 1999), *superseded on other grounds by regulation* (internal citations and quotations omitted)).

Here, there is nothing to suggest that the potential prejudice Correia broadly identifies cannot be cured by a limiting instruction. In fact, Correia failed to demonstrate with sufficient particularity how a limiting instruction would not cure the potential risk of prejudice or be inadequate. It is not enough to show that separate trials would create a better chance for acquittal. Therefore, the court finds the severance is not warranted based upon the "spill over" prejudice rationale.

**C. Mutually Antagonistic Defenses**

Correia argues that severance is appropriate because his defense strategy is mutually antagonistic to the defense strategy of his co-defendants. Correia speculates that his co-

defendants will make inculpatory statements, and his ability to present an independent defense will be hindered by a joint trial. The government points out the lack of specifics in his argument.

Correia has not identified how his stated defense of innocence is antagonistic with other co-defendants' defenses. "[T]he defenses must be antagonist to the point of being irreconcilable and mutually exclusive." *United States v. Sherlock*, 962 F.2d 1349, 1363 (9th Cir. 1989). A defendant is entitled to severance based upon mutually antagonistic defenses only if "the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997). Further, the Supreme Court has held that co-defendants do not suffer prejudice simply because one co-defendant's defense directly inculpates another or if it is logically impossible for a jury to believe both co-defendants' defenses. *United States v. Blankenship*, 382 F.3d 1110, 1125 (11th Cir. 2004) (discussing *Zafiro v. United States*, 506 U.S. 534 (1993)). Correia has failed to show how his individual theory of defense would be so irreconcilable with the other co-defendants' theory as to preclude a jury from deciding guilt or innocence if both defenses were presented in a joint trial. The fact that a co-defendants admits his or her guilt does not necessarily lead to the conclusion that another co-defendant is also guilty. Furthermore, the fact that a co-defendant has implicated Correia does not preclude Correia from mounting an alternative defense. As a result, the court finds that severance is not warranted under the antagonistic or mutually exclusive defense rationale.

**D. Judicial Economy**

Finally, Correia argues that severance would serve judicial economy because complex trials impose enormous burdens on the parties and the court. The government responds that this case is manageable because there are only seven defendants remaining in this case. It further responds that multiple trials regarding the same witnesses and evidence would not be efficient. The court agrees and finds that a trial with seven defendants is manageable. Moreover, "a joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the

defendants when much of the same evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004), modified by 425 F.3d 1248 (9th Cir. 2005). Accordingly, severance is not warranted for judicial economy.

### III. CONCLUSION

In conclusion, the court gave careful consideration to Correia's proffered reasons for severance. Ultimately, it finds that Correia has not met the burden of demonstrating that joinder is so manifestly prejudicial that severance is required.

Based on the foregoing and good cause appearing therefore,

IT IS HEREBY ORDERED that defendant Bruno Correia's Motion for Severance under Fed. R. Crim. P. 14(a) (ECF No. 239) is DENIED.

DATED: July 2, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE