# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRUNO MACEDO CORREIA, et al.,

Defendants.

Case No. 2:17-cr-00001-JAD-CWH

**ORDER**
(ECF Nos. 266, 267)

Before the court is defendant Bruno Correia's sealed Motion to Disclose Grand Jury Transcripts, (ECF No. 266), filed April 24, 2018, the government's sealed response (ECF No. 308), filed May 29, 2018, and Correia's sealed reply (ECF No. 320), filed June 4, 2018. Defendant Francisco Filho joined the motion (ECF No. 267) on April 24, 2018.

## I. BACKGROUND

Numerous Brazilian nationals are alleged to have conspired to commit credit card fraud throughout the United States. The group's fraud activities took place over several years and were conducted by shifting assortments of members of the group. On January 3, 2017, a grand jury returned an indictment charging Defendant Bruno Macedo Correia with the following crimes: Count 1 – Conspiracy to Commit Fraud and Related Activity in Connection with Access Devices (18 U.S.C. § 1029(b)(2)); and Count 29 – Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)).

Correia moves to disclose grand jury transcripts. It is not clear from the motion which transcripts are requested, but it appears that the request is for the testimony of confidential informants. The government interprets the motion as a request for testimony of confidential informants, and indicates that no confidential informants testified before the grand jury. In reply,

Correia indicates that his request was not limited to the confidential informants, but for any witness making allegations against him.

## II. DISCUSSION

Rule 6(e)(3)(E)(I) of the Federal Rules of Criminal Procedure permits the Court to order the disclosure of grand jury proceedings "preliminarily to or in connection with a judicial proceeding." The Supreme Court has held that "parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding; that the need for disclosure is greater than the need for continued secrecy; and that their request is structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979). A strong showing of particularized need is required. *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983); *United States v. Perez*, 67 F.3d 1371, 1381 (9th Cir. 1995).

Correia argues that he needs to obtain grand jury transcripts of witness testimony for use as impeachment at trial because his guilt or innocence may turn on what was said, especially in conspiracy cases, and that much of the evidence is uncorroborated. In reply, he clarifies that his request is for the transcripts of all witnesses who will testify against him, and the court could conduct an *in camera* review to alleviate security concerns.

The general need to conduct cross-examination is hardly a strong showing of particularized need for immediate release of grand jury transcripts, and the request is not tethered to any particular witness. Other than regarding confidential informants, who did not testify before the grand jury, Correia's only specific argument is that "Bruno" is a common name also used by others, including co-defendants, and that witness confusion is therefore possible. The government indicates that there is extensive evidence, including videotaped surveillance, which corroborates the testimony of witnesses. The court is not persuaded that speculative confusion about the use of the name "Bruno" is sufficient to justify release of the transcripts. Correia provides no suggestion as to the purpose of an *in camera* review, but if it is to generally search for impeachment evidence, the court declines.

/ / /

### III. CONCLUSION

Correia has failed to meet its burden of demonstrating particularized need for any grand jury transcripts.

Based on the foregoing and good cause appearing therefore,

IT IS HEREBY ORDERED that joinder by Francisco Filho (ECF No. 267) is GRANTED.

IT IS FURTHER ORDERED that Defendant Bruno Correia's Motion to Disclose Grand Jury Transcripts (ECF No. 266) is DENIED.

DATED: July 2, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE